UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NIMA EXPRESS, INC.,

       Plaintiff,

v.                                        Case No.  8:15-cv-467-T-24 EAJ

FEDEX GROUND PACKAGE
SYSTEM, INC.,

       Defendant.
_____/

**ORDER**

       This cause comes before the Court on Defendant's Motion to Dismiss.  (Doc. No. 5).

Plaintiff opposes the motion.  (Doc. No. 6).  As explained below, the motion is granted in part

and denied in part.

**I.  Standard of Review**

       In deciding a motion to dismiss, the district court is required to view the complaint in the

light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959,

962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The

Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon

which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim

showing that the pleader is entitled to relief in order to give the defendant fair notice of what the

claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct.

1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.

at 1965 (citation omitted).  While the Court must assume that all of the allegations in the

complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Background

Plaintiff alleges the following in its complaint (Doc. No. 2): On December 5, 2013, Plaintiff entered into a contract with Defendant FedEx Ground Package System, Inc. ("FedEx"), in which Plaintiff agreed to provide pickup and delivery services for two primary service areas ("PSA") in which Plaintiff received a proprietary interest.  Pursuant to the terms of the contract, FedEx agreed to do certain things, including "familiarize [Plaintiff] with various service quality procedures developed by [FedEx]" during the first 30 days of the term of the contract.  (Doc. No. 2, p. 13, ¶ 1.13).  Additionally, FedEx agreed that Plaintiff would "be responsible for exercising independent discretion and judgment to achieve the business objectives and results specified [in the contract]" and that FedEx would not "have the authority to direct [Plaintiff] as to the manner or means employed to achieve such objectives and results," including, directing the "details of performance."  (Doc. No. 2, p, 14, ¶ 1.14).

Plaintiff contends that FedEx breached their contract by doing the following:

> (1) failing to comply with section 1.13 of the operating agreement which stated that "[FedEx] shall, during the first 30 days of the term of this Agreement, familiarize [Plaintiff] with various service quality procedures developed by [FedEx]"; (2) demanding that [Plaintiff] replace and/or discharge multiple managers; (3) failing to provide the necessary support to [Plaintiff] when requested (i.e. call logs for

2

signature required deliveries, uniforms, processing new driver applicants); (4) interfering with [Plaintiff's] discretionary decisions on determining methods and means of meeting business objectives (see section 1.14 of operating agreement); (5) demanding that [Plaintiff] disqualify or discharge drivers without sufficient reason contrary to the terms of the Contract; (6) refusing to approve qualified drivers for delivery and pickup of packages assigned to [Plaintiff]; (7) classifying incidents as accidents to portray [Plaintiff] as an accident-prone contractor; (8) issuing "Opportunity to Cure" notices based upon false pretenses; (9) disqualifying a driver by falsifying records to reflect that the driver failed to report an accident when in reality there was no accident; (10) harassing [Plaintiff's] employees and constantly threatening non-renewal in any discussion; and (11) assigning [Plaintiff's] Supplemental Area to a new contractor when the territory qualified for PSA.

(Doc. No. 2, p. 4-5, ¶ 28).  Additionally, Plaintiff alleges that as a result of FedEx's actions, Plaintiff has suffered damages.

### III.  Motion to Dismiss

FedEx moves to dismiss Plaintiff's breach of contract claim, arguing that it is not sufficiently pled.  Specifically, FedEx argues that Plaintiff has not provided sufficient factual detail to show that a breach has occurred and/or has not shown that the allegations constitute a breach under the parties' contract.  Accordingly, the Court will analyze the eleven instances of challenged conduct.

First, Plaintiff asserts that FedEx breached paragraph 1.13 of the contract by failing to familiarize Plaintiff with the various service quality procedures that FedEx developed.  This is a specific obligation outlined in the contract, and Plaintiff has alleged that FedEx did not comply with this obligation.  As such, this is a sufficiently alleged breach.

Second, Plaintiff asserts that FedEx demanded that Plaintiff replace and/or discharge multiple managers.  This would appear to be a breach of paragraph 1.14 of the contract, which

provides that Plaintiff would "be responsible for exercising independent discretion and judgment to achieve the business objectives and results specified [in the contract]" and that FedEx would not "have the authority to direct [Plaintiff] as to the manner or means employed to achieve such objectives and results," including, directing the "details of performance." (Doc. No. 2, p, 14, ¶ 1.14).  As such, this is a sufficiently alleged breach.

Third, Plaintiff asserts that FedEx failed to provide the necessary support to Plaintiff when requested (i.e. call logs for signature required deliveries, uniforms, processing new driver applicants).  Plaintiff does not identify which provision of the contract that this conduct breaches, and as a result, the Court agrees that these allegations are not a sufficiently alleged breach.

Fourth, Plaintiff asserts that FedEx interfered with Plaintiff's discretionary decisions on determining methods and means of meeting its business objectives.  While there is no explanation as to specifically how FedEx interfered, an interference by FedEx with Plaintiff's discretionary decisions could be a breach of paragraph 1.14 of the contract.  Therefore, the Court will allow this alleged breach to remain.

Fifth, Plaintiff asserts that FedEx demanded that Plaintiff disqualify or discharge drivers without sufficient reason.  This would appear to be a breach of paragraph 1.14 of the contract. Therefore, the Court will allow this alleged breach to remain.

Sixth, Plaintiff asserts that FedEx refused to approve qualified drivers for delivery and pickup of packages assigned to Plaintiff.  Paragraph 2.2 of the contract provides that Plaintiff may employ drivers that are qualified under FedEx's Safe Driving Program standards.  Thus, Plaintiff appears to be alleging that FedEx interfered with Plaintiff's performance of its duties

under the contract by failing to approve qualified drivers.  FedEx has not sufficiently briefed whether such conduct can amount to a breach, and as such, the Court will allow this alleged breach to remain.

Seventh, Plaintiff asserts that FedEx classified incidents as accidents to portray Plaintiff as an accident-prone contractor.  This allegation is vague and is not connected to any specific contractual obligation.  As such, it is not a sufficiently alleged breach.

Eighth, Plaintiff asserts that FedEx issued "Opportunity to Cure" notices based upon false pretenses.  Again, this allegation is vague and is not connected to any specific contractual obligation.  As such, it is not a sufficiently alleged breach.

Ninth, Plaintiff asserts that FedEx disqualified a driver by falsifying records to reflect that the driver failed to report an accident when in reality there was no accident.  Similar to the sixth claimed breach, Plaintiff appears to be alleging that FedEx interfered with Plaintiff's performance of its duties under the contract by unfairly disqualifying a driver under false pretenses.  FedEx has not sufficiently briefed whether such conduct can amount to a breach, and as such, the Court will allow this alleged breach to remain.

Tenth, Plaintiff alleges that FedEx harassed Plaintiff's employees and constantly threatened non-renewal in any discussion.  Plaintiff does not identify which provision of the contract that this conduct breaches, and as a result, the Court agrees that these allegations are not a sufficiently alleged breach.

Eleventh, Plaintiff alleges that FedEx assigned Plaintiff's Supplemental Area to a new contractor when the territory qualified as a PSA. Plaintiff does not identify which provision of the contract that this conduct breaches, and as a result, the Court agrees that these allegations are

not a sufficiently alleged breach.

Based on the above, the Court agrees that the third, seventh, eighth, tenth, and eleventh instances of challenged conduct are not sufficiently alleged breaches.  Therefore, the Court dismisses the breach of contract claim to the extent that it is based on those instances of conduct.

The Court notes that FedEx also argues that Plaintiff has not specifically alleged how FedEx's challenged conduct caused Plaintiff any damages.  However, Plaintiff has alleged that as a result of FedEx's breaching conduct, Plaintiff has suffered damages.  The Court concludes that Plaintiff's damages allegation is sufficient at this stage in the proceedings.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Defendant's Motion to Dismiss (Doc. No. 5) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that Plaintiff's breach of contract claim is based on the third, seventh, eighth, tenth, and eleventh instances of challenged conduct; otherwise, the motion is **DENIED**.

(2)     If Plaintiff would like to amend the complaint to correct the deficiencies described above, Plaintiff is directed to file an amended complaint by April 3, 2015.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of March, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record